NUMBER 13-04-311-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
__________________________________________________________________

PHILLIP LEE GARNER,                                                       Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
__________________________________________________________________

On appeal from the 36th District Court
of San Patricio County, Texas.
___________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam

         Appellant, Phillip Lee Garner, pleaded guilty pursuant to a plea bargain to the
state jail felony offense of possession of cocaine. The trial court suspended imposition
of sentence and, in accordance with the agreement, placed appellant on deferred
adjudication community supervision for a period of three years.
         Appellant filed a pro se notice of appeal on June 21, 2004. Trial counsel
subsequently filed a separate notice of appeal on June 25, 2004. On July 2, 2004,
the trial court allowed trial counsel to withdraw and appointed new appellate counsel. 
The trial court has certified that this “is a plea-bargain case, and the defendant has NO
right of appeal.” See Tex. R. App. P. 25.2(a)(2).
         On August 16, 2004, this Court notified appellant’s counsel that the trial court’s
certification showed no right to appeal and ordered counsel to (1) review the record;
(2) determine whether appellant has a right to appeal; and (3) forward to this Court,
by letter, counsel’s findings as to whether appellant has a right to appeal, or,
alternatively, advise this Court as to the existence of any amended certification.
         On September 15, 2004, appointed counsel filed a letter brief with this Court. 
Counsel’s response does not establish (1) that the certification currently on file with
this Court is incorrect or (2) that appellant otherwise has a right to appeal. Rule
25.2(a)(2) of the Texas Rules of Appellate Procedure provides that, in a plea bargain
case in which the punishment does not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, a defendant may appeal only those matters
that were raised by written motion filed and ruled on before trial, or after obtaining the
trial court’s permission to appeal. Tex. R. App. P. 25.2(a)(2). The record reflects that
no written motions were filed and ruled on before trial and the trial court did not grant
appellant permission to appeal. We would further note that, according to our review
of the clerk’s record, appellant expressly waived his right to appeal.
         The Texas Rules of Appellate Procedure provide that an appeal must be
dismissed if the trial court’s certification does not show that the defendant has the
right of appeal. Tex. R. App. P. 25.2(d); see Tex. R. App. P. 37.1, 44.3, 44.4. The trial
court’s rule 25.2(d) certification states that appellant has no right to appeal, and the
certification is supported by the record. See Tex. R. App. P. 25.2(d); Dears v. State,
154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). Accordingly, this appeal is
DISMISSED. Any pending motions are denied as moot.
 
                                                                                 PER CURIAM
Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed 
this the 19th day of May, 2005.